THE STATE OF MISSISSIPPI *v.* BROWN & JOHNSTON.

QUO WARRANTO: DEFENCE MUST SHOW THAT CORPORATION IS DULY ORGANIZED.—
    A corporation cannot exercise or use the liberties and franchises granted by

the charter, except in the mode, and on the terms, and by the means prescribed therein; nor can individual members of the corporation use its franchises and liberties, or do any act to bind it, except as aforesaid; and hence, in a proceeding, in the nature of a writ of quo warranto against individuals, charging them with a usurpation of the privileges and franchises of a corporation, it is not sufficient for the defendants merely to show an Act establishing a corporation, and that they are members thereof, in virtue of which, they use the franchises mentioned in the information; but they must also show, that the corporation is in such a state of organization, as to authorize the use of the franchises and privileges which they are charged to have usurped, and that they are empowered by the corporation to do the acts complained of.

APPEAL from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

John B. Hemphill, district attorney for the fifth judicial district, on the relation of Morgan McAfee, filed an information in the court below against the defendants, Brown & Johnston, charging them with having, for the last twelve months before that time, usurped from the State of Mississippi, the privileges and franchises of being a body politic and corporate in fact and in law, under the name and style of the Commercial Bank of Manchester, and by the same name to sue and be sued, &c., and of being a bank, for the purpose of issuing notes to circulate as money, receiving deposits, making discounts, and transacting all other banking business, which incorporated banks may lawfully do; and also with having actually issued notes to circulate as money, &c.

The defendants, Brown & Johnston, to this information pleaded as follows:

"The defendants, by attorney, come and defend, and say, as to the liberties, privileges, and franchises, in said information mentioned, that by a certain Act of the Legislature of the State of Mississippi, passed on the 26th day of February, 1836, entitled 'An Act to establish the Commercial Bank of Manchester,' there was created and established, in said county and State, a body politic and corporate, by the name of 'The Commercial Bank of Manchester,' which was by said Act chartered as such, and invested with all the liberties, privileges, and franchises, in the information mentioned, and which is still, by virtue of said Act, in the possession, use, and exercise of said franchises and privileges; and they further

say, that they own a portion of the capital stock of the said Commercial Bank of Manchester, the residue being owned by other persons; and that defendant, Joseph H. Johnston, is the duly elected and qualified president of said corporation, and that they are thus members thereof, and as such members, with the other members of said corporation, and not otherwise, they use and enjoy and exercise the privileges and franchises in the said information mentioned; without this, that they use, exercise, and enjoy said franchises, without legal warrant or authority, as in said information alleged; all of which they are ready to verify. Whereupon," &c.

· The district attorney demurred to this plea, and his demurrer being overruled, he filed eight replications to the plea.

The defendant's demurrer to all the replications was sustained, and the plaintiff declining to plead further, judgment final was entered for defendant.

From the judgment the State appealed. It is unnecessary to set out the replications, as they were not included in the decision of this court.

The argument of counsel is not given, except on the point decided by this court.

*John D. Freeman,* for appellant,

Relied upon the same points made on the argument in the case of *The State* v. *The Commercial Bank of Manchester.* See ante.

*R. S. Holt and George S. & W. S. Yerger,* for appellee.

In this case an information in the nature of a quo warranto was filed by the district attorney, against the appellees, Brown & Johnston.

The information substantially charges Brown & Johnston with using, enjoying, and exercising, for the space of twelve months last past, in Yazoo county, without lawful warrant or authority, the franchise of being a banking corporation, under the name and style of the " Commercial Bank of Manchester," &c., or, in other words, it charges Brown & Johnston with *usurping to be a corporation* without the warrant of law.

The plea of appellees admits that the said appellees, Brown & Johnston, with others, do use, enjoy, and exercise, the franchise of being a banking corporation, as so charged in the information, but, in sub-

stance *deny* that they use, enjoy, and exercise such franchise without lawful warrant or authority; and plead in avoidance, and as a matter of *justification*, an Act passed by the Legislature of Mississippi, entitled, "An Act to Establish the Commercial Bank of Manchester," and which they aver "is still, by virtue of said Act, in the use, possession, and exercise" of the privileges and franchises invested by its charter. They furthermore allege, in setting forth their title to use the said franchise, "that they own a portion of the capital stock" of said bank ("the residue being owned by other persons"); that one of the defendants, "Joseph H. Johnston, is the duly elected and qualified president;" and "that they are thus members thereof, and as such members, in conjunction with other members of said corporation," that they use the franchises, &c., "*without this,*" that they use such franchises unlawfully, &c.

To this plea the district attorney filed a demurrer, which was overruled by the court. The demurrer was properly overruled, 1st. Because the style of the plea was good. The defendants could not plead *non usurpavit*, as the object of the proceedings is to compel them to set forth (what they have done), "by what warrant or authority they use, &c., the franchise.", Angell & Ames on Corp. 851.

The defendants have set out in their plea, what they were legally required to do, their *title*, viz., that they are members of the bank, and concluded with a general traverse, "without this, that they have usurped," &c. Ang. & Ames on Corp. 851, (5th Ed.)

The plea is good in other respects. If it be contended in support of the demurrer, that the plea is demurrable, because it does not aver with sufficient certainty the *existence* of the bank, through which the defendants claim their title, it may be said for answer, that it is not necessary, in *all cases* where informations are laid against individuals for usurping to be a corporation (and never, where the informations are laid directly against the corporation under its corporate name, for its existence is thereby admitted), to aver in the plea, the *existence* of the corporation, or that it once had a lawful existence, but merely to set forth the Act of incorporation or charter. It is true that a corporation created by statute, which requires certain acts to be performed as *prerequisites* before it can be considered *in esse*, must show that such acts have been performed, in order to establish the fact of its existence, and so

such averment must be made in such a case, by *individuals* who *justify* through the corporation; but this rule would not apply to corporations *declared such absolutely, by the act of incorporation,* and especially when the plea shows this fact. *Fire Department* v. *Kip,* 10 Wend. 266.

The Commercial Bank of Manchester, *in fact,* as *the plea shows,* was "established" as a corporation as such, and its charter invested it with corporate capacity *in præsenti,* and unconditionally; in truth a grant, beneficial in its nature, may be presumed to have been accepted. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 344.

And it would appear in accordance with reason, that if a peculiar charter, such as one for a bank, was applied for and granted, there could not be a doubt of its immediate acceptance, for it would not have been applied for, unless the powers which it bestows were to be exercised; and consequently, in this class of cases, it should only be required to set forth the charter or Act of incorporation alone.

But second, should it be contended that existence of the corporation must be necessarily averred in the plea, it may be said in reply, that it has been in this case.

In pleading, to show the existence of a corporation, it is only necessary to set forth the charter or Act of incorporation, and aver acts of user under it. In this case it has been done with sufficient certainty. The defendants, after setting forth the charter, allege in their plea acts of user under it, as, for instance, " that they own a portion of the capital stock of the said Commercial Bank of Manchester," and as a matter of course it *would be* impossible for them to own stock if the bank did not exist.

" That the defendant, Joseph H. Johnston, is the duly elected and qualified president of the said corporation," and, "that in conjunction with others they are members of the said corporation," &c. From the averment of which facts, it must inevitably follow that the bank exists or existed.

The plea is not inconsistent. It is true that it is averred in it, that "it (the bank) is still, by virtue of the Act of incorporation, in the possession, use, and enjoyment of its franchises and privileges," and a forced construction of this language may be contended

for; but either construing the sentence by itself, or in connection with other parts of the plea, its meaning is apparent. It does not mean that by the mere force and effect of, or the operation of, the Act alone, that the corporation thereby came into actual and legal existence, but it merely means, that by the "authority" of, or through the "efficacy" of, (the meaning of which is the same as that of "by virtue of"), the bank came into the "possession, use, and enjoyment of its franchises and privileges;" and this proposition is strictly true, for a body cannot use corporate powers without an act of incorporation.

But whatever objection may be urged to this construction, the meaning of the whole plea is plain, and the plea itself good.

*Gibbs & Wilkinson,* on same side.

FISHER, J., delivered the opinion of the court.

This was an information in the nature of a writ of quo warranto, against the defendants, in the Circuit Court of Yazoo county, alleging that the defendants, for the space of twelve months last past, had exercised and enjoyed, without legal warrant or authority, the franchise of being a banking corporation, to wit: that of being a body politic and corporate, in law and in fact, by the name of the Commercial Bank of Manchester; that, by virtue of said franchise, they claim the right of issuing notes to circulate as money, of receiving deposits, and dealing in exchange, and finally, that the defendants have, during the time aforesaid, done the several acts named. To this information the defendants appeared, and pleaded that by an Act of the legislature, passed on the 26th day of February, 1836, there was created and established, in said county and State, a body politic and corporate, by the name of the Commercial Bank of Manchester, which was by the said Act chartered as such, and invested with all the liberties, privileges, and franchises in the information mentioned, and which is still, by virtue of said Act, in the possession, use, and exercise of said franchises and privileges; and that they own a portion of the capital stock of the said bank, the residue being owned by other persons; that the defendant, Joseph H. Johnston, is the duly elected president of said corporation, and that they are thus members thereof; and as such members, in con-

junction with the other members of said corporation, and not otherwise, they use, enjoy, and exercise the privileges and franchises in the said information mentioned. The district attorney demurred to this plea, and the court below overruled the demurrer; and this is the first error assigned and argued by counsel.

It is contended on behalf of the State, that as the plea fails to show, that the corporation was organized in the manner required by the charter as pleaded, the demurrer should have been sustained. On the other hand it is contended, in answer to this position, that the corporation is made complete by the Act of incorporation, and that the plea is therefore sufficient. The fourth section of the charter of the bank declares, "that the subscribers to the capital stock of said company, their successors, and assigns, shall be, and they are hereby created, a corporation and body politic, by the name and style of the Commercial Bank of Manchester," &c. Acts of 1836, p. 140.

Conceding for the sake of the argument, that the subscribers to the capital stock were created a corporation, as contended, the question still arises for consideration, whether merely as such subscribers, they are a corporation for the purposes specified in the information, to wit, that of issuing notes to circulate as money, to receive deposits, to deal in exchange, and to do divers other acts enumerated in the charter; for if they are a corporation in this sense, there can be no question as to the sufficiency of the plea. But if, on the other hand, they are a corporation in a limited sense, having no power merely as corporators, to exercise any of the various acts above enumerated, but only to organize and to keep in a state of organization, the corporation, by the election of directors, &c., under whose supervision the affairs of the corporation must be conducted, there can be as little doubt that the plea is insufficient, and that the demurrer should have been sustained. For the question, as presented by the plea, is not merely, whether there is a corporation or no corporation, but whether the defendants, merely as stockholders in conjunction with the other stockholders, and not under the mode of organization and of action prescribed by the charter, may use and exercise the franchises, in the manner alleged in the information? Or, in other words, whether they can issue notes to circulate as money, receive deposits, deal in exchange, &c.? A

response is given in the negative, to this question; for certainly, as members of the corporation, they could claim no such right, while it may be true, that they could so organize the corporation, that the same acts might be done by those intrusted with the management of its affairs. A stockholder issuing notes to circulate as money, could not bind the corporation, although he may act in its name, for the reason, that this is not the mode in which it can contract.

It can only be bound by those who are authorized to manage its affairs, and to contract in its name; and the stockholders having power to select the persons, at least in part, for this purpose, can only, as such, exercise this power. This question, however, will scarcely admit of doubt, and it does not therefore require elaboration.

The question upon which the case must turn may be disposed of in a few words. It is alleged, that the defendants have usurped the franchise as set forth in the information, and have exercised and used the liberties so granted, for the space of twelve months. The question is, what is a sufficient answer to this allegation? It may be a denial; or if it is a confession and avoidance, they must certainly show that the corporation was, during the twelve months, in such a state of organization, to wit, that it could, in its corporate name, issue notes, &c., and bind itself, according to the terms of the charter, for their redemption, and for the performance of its other obligations.

It is however difficult to see how the defendants, as stockholders, could interpose such a plea. But if they undertake to justify what they have done in the name of the corporation, they must show that it was done in such manner as to bind the corporation according to the terms of the charter; otherwise, it will be but the individual act of the parties concerned; and it is unnecessary to enumerate the evils resulting from such a course of business. Paper purporting to be money is thrown upon the community, and it circulates under the general belief that it emanated from a bank bound for its redemption, when in truth, if the bank had an existence, it had no capacity to act, for the want of persons legally authorized to direct its action.

Under this view of the plea, we are of opinion, that the court

below erred in overruling the demurrer, and this makes a decision of the points presented by the replications unnecessary.

Judgment reversed, demurrer sustained, and cause remanded.